Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ARIEL ACEVEDO PEÑALBERT, ÁNGEL ARGUINZONI MELÉNDEZ<br><br>Peticionarios<br><br>v.<br><br>WALMART DE PUERTO RICO, INC., PUEBLO, INC.<br><br>Recurridos | KLCE202400312<br><br>consolidado<br><br>KLCE202400318 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022CV06322<br><br>Sobre: Despido Injustificado (Ley 80) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de abril de 2024.

Comparecen ante nos el señor Ariel Acevedo Peñalbert y el señor Ángel Arguinzoni Meléndez (conjuntamente, "Peticionarios") mediante dos recursos de *Certiorari* denominados alfanuméricamente como KLCE2024-0312 y KLCE204-0318. En sus escritos, nos solicitan que revoquemos la *Resolución* emitida el 18 de enero de 2024 y notificada el 22 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). A su vez, peticionan la revocación de la *Resolución* emitida el 23 de febrero de 2024 y notificada el 26 de febrero de 2024 por el tribunal recurrido. Mediante los referidos dictámenes, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Orden* y la *Segunda Moción en Solicitud de Orden* presentadas por los Peticionarios.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto de *certiorari* de los casos consolidados.

Número Identificador

SEN(RES)2024_____

# I.

## A. KLCE2024-0312

El 3 de mayo de 2023, el señor Acevedo Peñalbert y el señor Arguinzoni Meléndez instaron una *Querella Enmendada* al amparo de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de marzo de 1976, 29 LPRA 185(a), según enmendada.[1] En ajustada síntesis, alegaron que laboraban en el Supermercado Amigo (Amigo), el cual pertenecía a Walmart Puerto Rico, Inc. ("Walmart"). Según los Peticionarios, en el proceso de traspaso de Amigo a Pueblo Inc. (Pueblo), este último les presentó una oferta de empleo, sin embargo, rechazaron dicha proposición. A raíz de esa situación, indicaron que Walmart dio por terminado su contrato laboral. En vista de ello, solicitaron una compensación por el salario dejado de percibir y una indemnización progresiva equivalente a tres (3) semanas por cada año de servicio.

Ante tales alegaciones, el 22 de mayo de 2023, Walmart presentó su *Contestación a Querella Enmendada.*[2] En esencia, puntualizó que los Peticionarios rechazaron la oferta de trabajo presentada por Pueblo. Así las cosas, indicó que optó por terminar su contrato de empleo. De manera similar, el 4 de octubre de 2023, Pueblo sometió su *Contestación a Querella Enmendada.*[3] En lo concerniente, objetó la aplicación de las doctrinas de traspaso de patrono sucesor. Consecuentemente, solicitó la desestimación de la demanda y la imposición de honorarios por temeridad.

Luego de una serie de trámites procesales, el 15 de diciembre de 2023, los Peticionarios cursaron a las entidades recurridas un correo electrónico a los fines de solicitar la siguiente información:

> Como parte del proceso de descubrimiento de prueba, y con el fin de coordinar el itinerario de deposiciones, les

---

[1] Apéndice de Peticionarios (KLCE2024-0312), págs. 1-4.
[2] Íd., págs. 5-10.
[3] Íd., págs. 11-16.

solicito que me provean los nombres de todas las personas naturales y/o jurídicas que:

1. Participaron en el proceso de negociación del acuerdo de compraventa de los Supermercados Amigo;

2. Participaron en el proceso de preparación del documento titulado *Asset Purchase Agreement*;

3. Participaron en el proceso de realizar las ofertas de empleo a los empleados de Supermercados Amigo.[4]

Ante tal petición, las partes demandadas levantaron a través del correo electrónico continuas objeciones fundamentadas en el principio de pertinencia y el privilegio de abogado-cliente.[5]

Tras múltiples requerimientos gestionados sin éxito, el 22 de diciembre de 2023, los demandantes presentaron una *Moción en Solicitud de Orden.*[6] En dicho escrito, adujeron que tanto Walmart como Pueblo se negaron a proveer los nombres peticionados amparados en el privilegio abogado-cliente. Según los Peticionarios, dicha información es pertinente, toda vez que arroja luz sobre las personas involucradas en el acuerdo de negociación de las entidades demandadas. En vista de lo anterior, solicitaron la expedición de una orden, que exigiera la entrega de los nombres de las personas naturales y jurídicas involucradas en el proceso de negociación de la compraventa. Peticionaron, además, la imposición de $500.00 en concepto de honorarios de abogado.

En reacción, el 18 de enero de 2024, Walmart presentó su *Oposición a Moción en Solicitud de Orden para Compeler Descubrimiento.*[7] En el aludido documento, requirió la expedición de una orden protectora con el propósito de salvaguardar la información privilegiada e impertinente a la controversia. Ese mismo

---

[4] Íd., pág. 67.
[5] Íd., págs. 68-73.
[6] Íd., págs. págs. 17-33.
[7] Íd., págs. 74-82.

día, Pueblo sometió su *Oposición a Moción Solicitando Orden* fundamentado en las mismas alegaciones. [8]

Evaluados los argumentos esbozados, el 18 de enero de 2024, el Tribunal de Primera Instancia declaró *No Ha Lugar* a la solicitud referida y emitió su notificación el 22 de enero de 2024. Al respecto, dispuso el siguiente pronunciamiento:

> **A la solicitud de la parte QUERELLANTE (ENTRADA #48) para que se emita una orden a: (A) Walmart y Pueblo, requiriéndole entregar los nombres de todas las personas naturales y/o jurídicas que participaron en el proceso de negociación de la compraventa de los Supermercados Amigo, y la preparación del contrato de dicha compraventa, y (B) Walmart y Pueblo para que le pague a la parte querellante la cantidad de $500.00 por concepto de honorarios de abogado incurridos en la obtención de ésta orden, RESOLVEMOS NO HA LUGAR**. (Énfasis nuestro).[9]

Oportunamente, el 30 de enero de 2024, los Peticionarios presentaron una *Moción en Solicitud de Reconsideración.*[10] En este escrito, reiteraron que procede la divulgación de los nombres solicitados. Aseveraron que dicha información es pertinente para dilucidar la controversia en torno a las doctrinas de patrono sucesor y traspaso de negocio. A su vez, argumentaron que en el caso presente no aplica el privilegio abogado-cliente.

En respuesta, el 19 de febrero de 2024, Walmart presentó su *Oposición en Solicitud de Reconsideración, Solicitud de Orden Protectora y en Cumplimiento de Orden.*[11] Sostuvo que el requerimiento de los demandantes constituye un abuso a los mecanismos del descubrimiento de prueba. Arguyó que los nombres solicitados no arrojan información pertinente a su reclamación. Ese mismo día, Pueblo presentó su *Oposición a Moción en Solicitud de Reconsideración* en la cual replicó los mismos planteamientos.[12]

---

[8] Íd., págs. 83-93.
[9] Íd., pág. 94.
[10] Íd., págs. 95-109.
[11] Íd., págs. 110-117.
[12] Íd., págs. 118-123.

Luego de examinar los argumentos de las partes, el 23 de febrero de 2024, el tribunal *a quo* emitió y notificó una *Resolución* en la cual denegó acoger la reconsideración solicitada.[13]

Inconformes con el referido dictamen, el 13 de marzo de 2024, los Peticionarios acudieron ante esta Curia mediante un recurso de *Certiorari*. En esencia, presentaron el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE ORDEN PARA COMPELER A LA PARTE QUERELLADA A PROVEER LOS NOMBRES DE LAS PERSONAS QUE NEGOCIARON Y REDACTARON EL CONTRATO DE COMPRAVENTA DE LOS SUPERMERCADOS AMIGO.

Al día siguiente, presentaron una *Moción para Presentar Documento Confidencial*. En específico, notificaron que incluyeron las páginas 52 a la 59 del apéndice vinculadas con el *Asset Purchase Agreement* ("APA"). De acuerdo con los Peticionarios, estos folios contienen copia del Artículo 6 del contrato de compraventa, cuyo contenido es confidencial según lo acordaron las partes. A esos fines, solicitó que este Tribunal tomara conocimiento judicial de lo anterior.

Adelantamos que el 19 de marzo de 2024 esta Curia consolidó este recurso con el caso KLCE2024-0318. Ese día, autorizamos a los Peticionarios a presentar los documentos catalogados como material confidencial.

**B. KLCE2024-0318**

En cuanto al segundo recurso presentado, surge del expediente que, el 20 de abril de 2023, los demandantes cursaron a Walmart una *Citación para Toma de Deposición y Producción de Documentos*.[14] Entre otros extremos, solicitaron la divulgación de la siguiente documentación:

> Provea copia de la escritura de compraventa del edificio en donde ubicaba el Supermercado Amigo en el que

---

[13] Íd., pág. 124.
[14] Apéndice de Peticionarios (KLCE2024-0318), págs. 34-36.

laboraban Ariel Acevedo Peñalbert y Ángel Arguinzoni Meléndez, otorgada por Walmart de Puerto Rico y Supermercado Amigo.[15]

En respuesta, Walmart sometió sus *Contestaciones al Primer Pliego de Interrogatorios y de Producción de Documentos.*[16] En este escrito, objetó entregar la documentación requerida bajo el fundamento de amplitud excesiva. No obstante, advirtió que se encuentra en disposición de divulgar ciertas porciones del APA. A esos fines, peticionó pactar un *Acuerdo de Confidencialidad* y proveer al respecto una notificación a Pueblo.[17]

Establecido el referido pacto, Walmart entregó a los demandantes ciertos extractos de los documentos requeridos mediante correo electrónico.[18] Tras examinar dicha documentación, los Peticionarios reiteradamente solicitaron a través de correo electrónico la entrega de la copia íntegra del Artículo 6 del APA.[19] No obstante, los demandados no remitieron dicha información amparados en los argumentos de pertinencia y amplitud excesiva.[20]

Trabada así la controversia, el 30 de enero de 2024, presentaron una *Segunda Moción en Solicitud de Orden.*[21] En esencia, alegaron que Walmart no entregó la totalidad del Artículo 6 del APA. Especificaron que el contrato de compraventa contiene un apartado intitulado *Employee Matter,* cuyo contenido es pertinente a la controversia. A su vez, argumentaron que el patrono está impedido de levantar un argumento de confidencialidad a tenor con la normativa jurisprudencial reconocida en *Pagán et. al. v. First Hospital,* 189 DPR 542 (2013).

---

[15] Íd., pág. 36.
[16] Íd., págs. 37-48.
[17] Íd., pág. 46.
[18] Íd., págs. 54-58
[19] Íd., págs. 53, 56, 59-60 y 66.
[20] Íd., págs. 57-58. Surge de la cadena de comunicaciones entre las partes, que Walmart y Pueblo autorizaron a los peticionarios a realizar una inspección ocular del Artículo 6 del APA, de modo que corroboraran la integridad de los documentos, y constaran la irrelevancia de los mismos. Véase, Íd., pág. 74 pág.
[21] Íd., págs. 17-32.

Por su parte, el 13 de febrero de 2024, Walmart sometió su *Oposición a Segunda Moción para Compeler y en Cumplimiento de Orden.*[22] En ésta, adujo que el APA constituye un acuerdo privado entre Walmart y Pueblo, el cual no otorga derecho ni impone obligaciones a los demandantes. Indicó que éstos no son parte del contrato ni tienen legitimación activa para requerir su producción. Por tanto, argumentó que no han establecido la pertinencia de su descubrimiento. De manera similar, el 20 febrero de 2024, Pueblo presentó su *Oposición a Segunda Moción de Orden.*[23] En particular, señaló el contrato de compraventa constituye materia no pertinente y privilegiada que no está sujeta al descubrimiento de prueba.[24] Destacó que dicho documento contiene múltiples disposiciones con una ventaja comercial no verificable por tercero, en específico, competidores.

Evaluados los argumentos de las partes, el 23 de febrero de 2024, el Tribunal de Primera Instancia emitió una *Resolución,* notificada el 26 de febrero de 2024. En lo concerniente, esbozó el siguiente pronunciamiento:

> SURGE DE LAS ENTRADAS #61 Y #71 DEL EXPEDIENTE JUDICIAL SOLICITUD DE LA PARTE QUERELLANTE AL AMPARO DE LA REGLA 34.2 DE PROCEDIMIENTO CIVIL. EN SU SOLICITUD, LA PARTE QUERELLANTE EXPONE QUE: " ha realizado esfuerzos razonables y de buena fe con Walmart Puerto Rico, Inc., para que esta nos permita tomar deposición a la Directora de Recursos Humanos, la Sra. Rosana Meléndez Colón, y para que nos haga entrega del artículo 6 del contrato de compraventa (Asset Purchase Agreement), el cual contiene los acuerdos relacionado[s] con los empleados de Supermercados Amigo ".
>
> POR SU PARTE LAS CO-QUERELLADAS PRESENTARON SUS OPOSICIONES SEGUN SURGE DE LAS ENTRADAS #73 Y #75 DEL CASO QUE NOS OCUPA. EVALUADOS LOS ARGUMENTOS DE AMBAS PARTES, RESOLVEMOS:
> [...]

---

[22] Íd., págs. 126-135.
[23] Íd., págs. 153-161.
[24] Íd., pág. 157.

> **2. EN CUANTO A LA SOLICITUD DE LA PARTE QUERELLANTE PARA QUE SE LE PRODUZCA EN SU TOTALIDAD EL ARTICULO 6 DEL "ASSET PURCHASE AGREEMENT" SUSCRITO POR LAS CO-QUERELLADAS RESOLVEMOS NO HA LUGAR.**
> (Énfasis nuestro).[25]

En descuerdo con el dictamen emitido, el 14 de marzo de 2024, acudió ante esta Curia. En su recurso, indicó el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE ORDEN PARA COMPELER A LA PARTE QUERELLADA A PROVEER COPIA DEL ARTÍCULO 6 DEL CONTRATO DE COMPRAVENTA DE LOS SUPERMERCADOS AMIGO.

Al día siguiente, Walmart presentó una *Solicitud de Consolidación de Recursos y de Tiempo Adicional para Presentar Oposición a Expedición de Certiorari*. Eventualmente, el 18 de marzo de 2024, los Peticionarios radicaron una *Moción para Presentar Documento Confidencial.* En esta petición, advirtieron que incluyeron las páginas 61 a la 68 que contienen el Artículo 6 del contrato de compraventa en un sobre sellado. Así detallado, solicitaron que este Tribunal tomara conocimiento judicial al respecto.

Por su parte, el 19 de marzo de 2024, Pueblo sometió una *Solicitud de Consolidación y Desestimación por No Estar Presentes los Criterios Esbozados en la Regla 52 de Procedimiento Civil, Ni en la Regla 40 del Reglamento del Tribunal de Apelaciones*. Ese mismo día, esta Curia emitió una *Resolución* declarando *Ha Lugar* a la *Solicitud de Consolidación*. También, concedimos la *Moción para Presentar Documento Confidencial*. Consecuentemente, el 25 de marzo de 2024, Walmart presentó su *Oposición a Expedición de Certiorari*. Con el beneficio de la comparecencia de ambas partes,

---

[25] Íd., págs. 162-163.

procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.

### A. *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc.,* 212 DPR ___ (2023); 2023 TSPR 65 resuelto el 8 de mayo de 2023. Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v.*

*JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Descubrimiento de prueba

La Regla 23 de Procedimiento Civil regula lo concerniente al alcance del descubrimiento de prueba. 32 LPRA Ap. V, R. 23. El

descubrimiento de prueba persigue: 1) precisar los asuntos en controversia; 2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresa en esta etapa de los procedimientos; 3) facilitar la búsqueda de la verdad; y 4) perpetuar evidencia. Conforme a ello, ha sido reiterado por el Tribunal Supremo de Puerto Rico que el procedimiento para descubrir prueba en la litigación civil está concebido como uno amplio y liberal. *Scotiabank v. ZAF Corp. et al.*, *supra,* pág. 490*; Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Sin embargo, esta liberalidad no debe interpretarse como una absoluta. Existen dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. 32 LPRA Ap. V., R. 23.1; *Scotiabank v. ZAF Corp. et al.*, *supra.* El concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *Íd.* "Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia." *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 1687 (2001). El criterio de pertinencia incluye todos los asuntos que puedan tener cualquier relación con la materia objeto del pleito, aunque no estén relacionados con las controversias específicas esbozadas en las alegaciones. *ELA v. Casta*, 162 DPR 1, 10 (2004). En lo concerniente a materia privilegiada, se refiere exclusivamente a los privilegios reconocidos en las Reglas de Evidencia, 32 LPRA Ap. VI; *E.L.A. v. Casta, supra.* En ausencia de un privilegio específico reconocido por dichas reglas probatorias no procede objeción alguna a un descubrimiento de

prueba bajo ese fundamento. *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001).

Ahora bien, una parte que pretenda la exclusión de cierta evidencia por ser materia privilegiada deberá presentar una objeción de manera oportuna. *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391 (2021), citando a *Ponce Adv. Med. v. Santiago González et al.,* 197 DPR 891, 899 (2017). Ello, debido a que los privilegios paralizan el descubrimiento de ciertos actos, hechos o comunicaciones. "Así, los tribunales debemos interpretar la existencia de un privilegio probatorio de manera restrictiva para no entorpecer la consecución de la verdad en los procesos judiciales. **No se concederán privilegios de manera automática** y sólo se reconocerán cuando se invoquen de manera certera y oportuna." *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 407. (Énfasis nuestro).

A esos fines, la Regla 23.3 (a) de Procedimiento Civil, 32 LPRA Ap. V, establece acerca del reclamo de privilegios, lo siguiente:

> (a) *Información retenida.* Cuando una parte retiene información requerida, reclamando que es materia privilegiada o protegida en contemplación de la preparación para el juicio, deberá hacer su reclamo de manera **expresa y fundamentada** especificando la naturaleza de los documentos, de las comunicaciones o de los objetos no producidos o revelados, de forma que, sin revelar información privilegiada, las demás partes puedan evaluar la aplicabilidad del privilegio o protección, y expresarse sobre éstos. (Énfasis nuestro).

Nuestro Tribunal Supremo ha establecido que la parte que se considere poseedora de cierta materia privilegiada cuyo descubrimiento se procura, deberá, tan pronto se solicite la información: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de

los elementos legales del privilegio en cuestión, y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación. *Ponce Advance Med. v. Santiago González, et al.*, *supra,* pág. 900. Véase, además, Regla 23.3 de Procedimiento Civil, *supra.* Cuando surjan discrepancias entre las partes en torno a la existencia y el alcance del privilegio, "el tribunal tendrá que resolver si el poseedor del privilegio estableció, mediante **preponderancia de la prueba,** los elementos del privilegio que invoca". (Énfasis nuestro). *Ponce Adv. Med. v. Santiago González et al.*, *supra,* pág. 900.

### III.

En el recurso presente, los Peticionarios alegan que incidió el tribunal recurrido al no decretar la divulgación de los documentos relacionados con los nombres de las personas que participaron en el contrato de compraventa. Asimismo, arguyen que erró dicho tribunal al no ordenar la revelación de la copia íntegra del Artículo 6.1 del APA. Sostienen que dicho material es pertinente a su reclamo. En vista de lo anterior, nos solicitan emitir una orden a los fines de que Walmart y Pueblo entreguen los documentos requeridos.

Por su parte, Walmart alega que el material aludido es impertinente a la causa de acción presentada en su contra. Además, reitera que la información está protegida por el privilegio abogado-cliente. Puntualiza que cualquier derecho que pudieran tener los Peticionarios surge de la Ley Núm. 80, y no del APA. De manera similar, Pueblo argumenta que no procede la expedición del auto de *certiorari* por no mediar los fundamentos jurídicos contenidos en la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Tribunal de Apelaciones, *supra.*

Luego de examinar detenidamente los recursos consolidados, resolvemos que no se han producidos las circunstancias que exijan nuestra intervención en esta etapa. Los dictámenes recurridos no exhiben los elementos jurídicos, que activan nuestra facultad revisora de conformidad a los parámetros de la Regla 52.1 de Procedimiento Civil, *supra*. Tampoco contemplamos la existencia de los criterios jurídicos que motiven nuestro ejercicio revisor a tenor con la Regla 40 del Tribunal de Apelaciones, *supra*. Adviértase que el manejo del descubrimiento de prueba y la concesión de órdenes es un asunto sujeto a la discreción del foro primario. Por tanto, ante la ausencia de situaciones excepcionales, nos abstenemos de intervenir en las determinaciones recurridas. En virtud de lo anterior, denegamos la expedición del auto de *certiorari,* recordando que nuestra denegatoria no prejuzga los méritos del caso o la controversia planteada pudiendo ser reproducida nuevamente mediante el correspondiente recurso de apelación.

## IV.

Por los fundamentos antes expresados, **denegamos** la expedición del auto de *certiorari* de los casos consolidados KLCE202400312 y KLCE202400318. Consecuentemente, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procesos.

A su vez, **ordenamos al Tribunal de Primera Instancia y a las partes a continuar los procedimientos según los términos del *Acuerdo de Confidencialidad* establecido entre los Peticionarios y las entidades recurridas**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones